SHIEBLER et al. v. IRELAND et al.

(Supreme Court, Trial Term, Suffolk County.)

1. COUNTIES (§ 113*)—BOARD OF SUPERVISORS—CREATION OF OFFICES—STATUTORY AUTHORITY.

Where there was no statute in force authorizing the creation of the position of clerk to the county judge of Suffolk county in December, 1907, a resolution of the board of supervisors on December 30, 1907, allowing $500 a year as salary for a clerk to the county judge, payable by the county treasurer out of moneys not otherwise appropriated, was unauthorized.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180; Dec. Dig. § 113.*]

2. COUNTIES (§ 113*)—EMPLOYÉS—CLERK TO COUNTY JUDGE—"EMPLOYÉ IN COUNTY OFFICE."

County Law (Laws 1909, c. 16; Consol. Laws 1909, c. 11) § 12, subd. 5, as amended by Laws 1911, c. 359, confers on county supervisors power to fix the salary of any county officer or employé, except a judicial officer, and the mode of appointment, number, and grade of the clerks, assistants, or employés in any county office, etc. *Held* that, while a county judge was a county officer, he did not maintain a county office; and hence such section did not authorize the board of supervisors to provide for the appointment and fix the salary of a confidential clerk to the county judge.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180; Dec. Dig. § 113.*]

3. INJUNCTION (§ 114*)—ACTION AGAINST SUPERVISORS—TERMINATION OF OFFICE—SUBSTITUTION OF DEFENDANTS.

Where, during the pendency of a taxpayer's action against a county board of supervisors to restrain them from making or permitting certain payments alleged to be illegal, but not to compel any affirmative action on their part, their term expired, and all but two were not re-elected, it was not necessary that their successors should be substituted as defendants.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

Taxpayers' action by Marvin Shiebler and another against Edward S. Ireland and others, constituting the Board of Supervisors of Suffolk County. Judgment for plaintiffs.

See, also, 140 N. Y. Supp. 861.

Selah B. Strong, of Brooklyn, for plaintiffs.
Timothy M. Griffing, of Riverhead, for defendants.

JAYCOX, J. This is a taxpayers' action, brought to restrain the board of supervisors of Suffolk county from making or permitting certain payments which it is claimed are illegal.

[1] On the 30th day of December, 1907, the board of supervisors of Suffolk county adopted the following resolution:

"Resolved, that the county judge of Suffolk county be allowed $500 per year as salary for a clerk from the 1st day of January, 1908; the same to be paid by the county treasurer out of any moneys he may have on hand not otherwise appropriated."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The payments under this resolution are among those criticised, and which this action seeks to prevent. My attention has been called to no statute authorizing the creation of such a position, and no justification is claimed for such payments, unless it can be found in an act of the Legislature passed in 1911. If there was no statute in force at the time the position was created, I do not understand that an act subsequently enacted by the Legislature, authorizing the creation of such position, would validate action already had. After the passage of such act, the supervisors of the county would be entitled to say whether or not such a position should be created, and would not be bound or controlled by the illegal action of a previous board. There is, therefore, no justification of these payments.

[2] On the 20th day of January, 1913, the board of supervisors of Suffolk county adopted the following resolution:

"Resolved, that the county judge of Suffolk county be allowed the sum of fifteen hundred dollars ($1,500) per annum as salary for a confidential clerk to the county judge from and after February 1, 1913, the same to be paid in equal monthly payments by the treasurer of Suffolk county out of the general fund of said county."

It is claimed that this resolution is authorized by section 12, subdivision 5, article 3, of the County Law (Consol. Laws 1909, c. 11; Laws 1909, c. 16), as amended by chapter 359 of the Laws of 1911, which reads as follows:

"5. Have power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employé, except a judicial officer, and the mode of appointment, number and grade of the clerks, assistants or employés in any county office, notwithstanding the provisions of any general or special law fixing the amount of such salary or the time or manner of payment thereof, or providing for the mode of appointment, number or grade of the clerks, assistants or employés in any county office, or vesting in any other body, board, commission or officer authority to fix the amount of such salary or compensation or the time or manner of payment thereof or to provide for the mode of appointment, number or grade of the clerks, assistants or employés in any county office; and the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer, notwithstanding any general or special law. The salary or compensation of an officer or employé elected or appointed for a definite term shall not be increased or diminished during such term."

This necessarily calls for the determination of the question as to whether a clerk to the county judge is a clerk, assistant, or employé in a county office. The County Law itself provides for the keeping of certain offices. The business conducted by some county officers renders it necessary that they have offices. It is essential to the due performance of their duties and the accommodation of the public that they shall have fixed and known places for the transaction of business. The county judge has no occasion for anything of the kind. He presides in the County Court, and hears and determines the matters submitted to him; but these require no office. No papers or notices are served upon him; none are filed with him; he has the custody of no funds, and has no accounts to keep. Some of the county officers clearly must have and keep offices, such as the county

clerk, register, sheriff, commissioner of jurors, county treasurer, and comptroller. As to some of these the County Law prescribes the hours during which their offices shall be kept open. Sections 165–184. As to some of the other county officers, their duty to keep offices is not so clear, but I think it may be inferred from the nature and character of their work.

Without attempting to call attention to all the duties of the office, I think it may safely be said that the district attorney has many duties which impose clerical work upon him and require him to have a definite place in which his business may be conducted. He collects and receives money, and he must render an account of all actions brought upon recognizances. The very distinction between the offices of the county treasurer and county judge is shown by section 201, which prescribes the duties of the district attorney. Under subdivision 1 of this section, the district attorney is required to *file* an account *in the office* of the county treasurer. By subdivision 3 of the same section the district attorney is required to render an account *to the County Court.* The clerk of the county being the clerk of the County Court, the account goes to his office. The county superintendent of the poor is required to pay according to law all moneys which shall come into his hands and render a just and true account thereof. As in some degree indicating the duties which devolve upon these officers it will be observed that all of the officers of the county above mentioned, except the county judge, are required to give bonds for the faithful discharge of their duties and the payment over of the moneys which shall come to their hands.

The language used plainly indicates that the clerks are to perform their duties in an office. The phrase "in any county office" is used twice. That the county judge has or keeps an office is contrary to the general conception of the duties of that office is shown by the resolution under consideration. It does not provide for a clerk *in the office* of the county judge, but a confidential clerk *to the* county judge. This shows, I think, that the supervisors had a correct idea of the situation, and they were providing, not for a clerk in an office, but a clerk to an officer.

These views are not without support in the adjudicated cases. When the law upon this subject (chapter 482, Laws 1875) was just about the same as it is now, the supervisors of Albany county attempted to provide for a clerk to the coroners. It was held that the supervisors had no power so to do, and that it only authorized the appointment of clerks in the offices of such county officers as are required to keep public offices. In the course of the opinion in that case it is said:

"The word 'offices' cannot be a mistake for 'officers,' because the expression is 'in such offices.' And the preceding words, 'the deputies, clerks and subordinate employés,' are such as would not be applicable to every county officer. For instance, the county judge is a county officer, and, as the relator insists, the supervisors could under this statute authorize the appointment of a deputy clerk and subordinate employés for him. Yet it is plain that the words 'deputies, clerks and subordinate employés' are quite inapplicable to

the county judge. On the other hand, those words are applicable, and peculiarly applicable, to the *offices* which certain county officers are required to keep. For instance, the county clerk is to keep an office which is to be open at certain hours. So the sheriff is to keep an office; and *'in such offices'* it is proper and necessary that there should be 'deputies, clerks and subordinate employés.' * * * The relator construes the statute as if it read 'fix the number,' grade and pay of the deputies, clerks and subordinate employés of *such officers.'* This would be very different from the statute as it is." People ex rel. Masterson v. Gallup, 30 Hun, 501.

Upon appeal this decision was affirmed upon this memorandum:

"Agree to affirm on the ground that the act (chapter 482, Laws 1875) authorized the supervisors to prescribe the number of clerks, etc., in respect to officers only who by pre-existing law were entitled to a clerk." 96 N. Y. 628.

That the powers of the board of supervisors were not enlarged by the amendment of 1911, so as to include the power now sought to be exercised, is clearly indicated by the decision in Sheldon v. MacArthur, 73 Misc. Rep. 575, 133 N. Y. Supp. 194. After the passage of this amendment the board of supervisors of Rensselaer county attempted to take over to itself the appointment of all the employés in all the county offices in that county. Mr. Justice Chester then held:

"The language in question means now, as it did before the amendment, that the boards of supervisors may prescribe or fix the mode or manner in which those to whom the power of appointment is given by law may exercise that power."

[3] Upon the trial it was proved that since the action was instituted a town meeting had been held and eight of the ten supervisors were not re-elected. The attorney for the defendants insists that these newly elected supervisors should be substituted for the present defendant, and cites several cases in support of that contention. In those cases, however, the relief demanded was mandamus. The plaintiff sought to compel the defendant to perform a duty imposed upon him as a public officer, and of course it was held that when defendant ceased to be a public officer his power to act as a public officer ceased, and that it was necessary to substitute the officer upon whom the duty devolved to procure performance thereof. I am therefore of the opinion that no substitution is necessary.

As no proof was made as to amount paid out during the time these defendants were in office, I think a decree merely declaring the resolutions in question null and void is appropriate relief, without any provision for restitution. Let decree be entered accordingly.

Settle decree upon notice.